1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

INSURANCE COMPANY OF THE
WEST,

                        Plaintiff,

        v.

AFFORD-A-HOME, INC., et al.,

                        Defendants.

CASE NO. C14-5350 BHS

ORDER RESERVING RULING
AND REQUESTING
ADDITIONAL BRIEFING ON
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

        This matter comes before the Court on Plaintiff Insurance Company of the West's

("ICW") motion for summary judgment (Dkt. 12).  The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby (1) denies Defendants' request to dismiss this case for lack of subject matter

jurisdiction, (2) reserves ruling on ICW's motion, and (3) requests additional briefing as

discussed herein.

**I. PROCEDURAL HISTORY**

        On April 29, 2014, ICW filed an indemnification action against Defendants

Afford-A-Home, Inc., Harold Janaszak, and Donna Janaszak ("Defendants").  Dkt. 1.

1    ICW alleges that Defendants breached their Indemnity Agreement with ICW by failing to

2    indemnify ICW for payments made on a performance bond. *Id.* at 3.

3        On July 1, 2014, ICW moved for summary judgment. Dkt. 12. On July 28, 2014,

4    Defendants responded. Dkt. 17. On August 1, 2014, ICW replied. Dkt. 20.

5                          **II. FACTUAL BACKGROUND**

6        ICW is a California corporation authorized to post surety bonds in Washington.

7    Dkt. 1 at 1. Defendant Afford-A-Home is a Washington corporation. *Id.* Defendants

8    Harold and Donna Janaszak are Washington residents. *Id.*

9        In 2007, ICW posted two surety bonds—a performance bond and a maintenance

10   bond—to the City of Buckley for the construction of a subdivision. Dkt. 1 at 2. The

11   performance bond guaranteed the construction of the subdivision in the amount of

12   $541,296.25. Dkt. 14, Declaration of Leonard Huseby ("Huseby Dec."), Ex. 2. The

13   maintenance bond guaranteed the replacement or correction of items constructed in the

14   subdivision in the amount of $486,521.05.[1] *Id.*

15       In consideration for posting these bonds, Defendants executed an Indemnity

16   Agreement in favor of ICW. Huseby Dec., Ex. 1. Under the Indemnity Agreement,

17   Defendants agreed to indemnify and hold ICW harmless from all losses resulting from

18   posting the bonds. *Id.* at 1. Defendants also agreed that if claims were made against the

19   bonds they would, upon demand, deposit funds with ICW sufficient to indemnify ICW

20   from all anticipated claims. *Id.* at 1–2.

21   _____

22       [1] The maintenance bond is not at issue in this case.

1

## III. DISCUSSION

2      ICW moves for summary judgment, arguing that Defendants breached the

3  Indemnity Agreement by failing to post the requested collateral and by failing to

4  indemnify ICW.  Dkt. 12 at 5.  ICW seeks summary judgment requiring Defendants to

5  indemnify ICW for claims paid and expenses incurred, as well as a judgment specifically

6  enforcing Defendants' obligations under the Indemnity Agreement.  *Id.* at 2.  In response,

7  Defendants argue that the Court lacks subject matter jurisdiction, ICW breached its

8  fiduciary duty of good faith, and ICW is not entitled to damages or specific performance.

9  Dkt. 17.

10  **A.     Subject Matter Jurisdiction**

11      Defendants argue that the Court lacks subject matter jurisdiction.  Dkt. 17 at 5–6.

12  According to Defendants, the performance bond requires resolution of this case in

13  Washington state courts.  *Id.*  Defendants therefore argue that the Court must dismiss this

14  case.  *Id.* at 6.

15      Defendants focus on the language of the bond rather than the Indemnity

16  Agreement.  The Indemnity Agreement, however, is the contract at issue in this case.

17  Defendants fail to cite any authority or provision of the Indemnity Agreement that divests

18  the Court of diversity jurisdiction under 28 U.S.C. § 1332(a).  Moreover, even if

19  RCW 39.08.010 controlled, the jurisdiction provision is not exclusive.

20      Accordingly, the Court has subject matter jurisdiction.  The Court denies

21  Defendants' request to dismiss this case for lack of subject matter jurisdiction.

22

1

**B.     ICW's Motion for Summary Judgment**

2        The Court reserves ruling on ICW's motion with respect to the issues of liability,

3  damages, and specific performance.

4  **C.     Additional Briefing**

5        In their briefing, the parties primarily focus on whether ICW made payments on

6  the performance bond under "the reasonable belief that it was liable for the amount paid

7  or that it was expedient under all the circumstances to make such payment."  Huseby

8  Dec., Ex. 1 at 1.  The Court asks the parties to submit additional briefing on the following

9  Indemnity Agreement provision:

10               If the Undersigned desire a claim against the Surety to be resisted,
       the Undersigned shall (a) make written request to the Surety to defend
11     against the claim including a statement of the basis for the defense, (b)
       simultaneously deposit with the Surety cash or collateral acceptable to the
12     Surety in kind and amount, sufficient to cover the claim and any costs,
       interest, attorney fees, sanctions or other costs that may be awarded in any
13     judgment or otherwise, and (c) either simultaneously deposit cash or
       collateral satisfactory to the Surety in an amount sufficient to cover the
14     expenses and attorney fees of defending against the claim or provide and
       pay the fees and expenses of counsel acceptable to the Surety to conduct the
15     defense.

16  *Id.*  Although the parties did not brief this provision, it does not appear that there is any

17  evidence that Defendants invoked or complied with this provision.

18        The parties should simultaneously file opening briefs addressing this provision by

19  October 10, 2014.  The parties should file responsive briefs by October 17, 2014.  Briefs

20  should be no longer than ten pages.

21

22

ORDER - 4

1

## IV. ORDER

2          Therefore, it is hereby **ORDERED** that Defendants' request to dismiss this case

3    for lack of subject matter jurisdiction is **DENIED**.  The Court **RESERVES ruling** on

4    ICW's motion for summary judgment (Dkt. 12).  The Court requests additional briefing

5    on the Indemnity Agreement provision as discussed herein, and ICW's motion is renoted

6    to October 17, 2014.

7          Dated this 23rd day of September, 2014.

8

9                                        _____

10                                       BENJAMIN H. SETTLE
                                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22