UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

INSURANCE COMPANY OF THE WEST,

　　　　　Plaintiff,

v.

AFFORD-A-HOME, INC., et al.,

　　　　　Defendants.

CASE NO. C14-5350 BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Insurance Company of the West's ("ICW") motion for summary judgment (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 29, 2014, ICW filed an indemnification action against Defendants Afford-A-Home, Inc., Harold Janaszak, and Donna Janaszak ("Defendants"). Dkt. 1. ICW alleges that Defendants breached their Indemnity Agreement with ICW by failing to indemnify ICW for payments made on a performance bond. *Id.* ¶ 12.

1   On July 1, 2014, ICW moved for summary judgment. Dkt. 12. On July 28, 2014,

2   Defendants responded. Dkt. 17. On August 1, 2014, ICW replied. Dkt. 20.

3   On September 23, 2014, the Court issued an order requesting additional briefing

4   from the parties on a provision in the Indemnity Agreement. Dkt. 23. The Court also

5   denied Defendants' request to dismiss the case for lack of subject matter jurisdiction, and

6   reserved ruling on ICW's motion. *Id.*

7   On October 20, 2014, the parties filed additional briefing. Dkts. 27, 30. On

8   October 27, 2014, ICW filed a reply brief. Dkt. 32.

## II. FACTUAL BACKGROUND

10  In 2007, ICW posted two surety bonds—a performance bond and a maintenance

11  bond—to the City of Buckley ("City") for the construction of a subdivision. Dkt. 1 ¶¶ 8–

12  9. The performance bond guaranteed the construction of the subdivision in the amount of

13  $541,296.25. Dkt. 14, Declaration of Leonard Huseby ("Huseby Dec."), Ex. 2. The

14  maintenance bond guaranteed the replacement or correction of items constructed in the

15  subdivision in the amount of $486,521.05.[1] *Id.*

16  In consideration for posting these bonds, Defendants executed an Indemnity

17  Agreement in favor of ICW. Huseby Dec., Ex. 1. Under the Indemnity Agreement,

18  Defendants agreed to indemnify and hold ICW harmless from all losses resulting from

19  posting the bonds. *Id.* at 1. Defendants also agreed that if claims were made on the

---

[1] The maintenance bond is not at issue in this case.

bonds they would, upon demand, deposit funds with ICW sufficient to indemnify ICW from all anticipated claims. *Id.* at 1–2.

The developer failed to complete the subdivision. Dkt. 21, Supplemental Declaration of Leonard Huseby ("Supp. Huseby Dec."), Ex. 6. On July 27, 2009, the City made claims in the amount of $541,000 on the performance bond. *Id.* After receiving the City's claims, ICW contacted Defendants on several occasions. Supp. Huseby Dec. ¶ 3. During these communications, Defendants indicated that they planned to offer the City $207,000 to resolve the matter. *Id.*

On November 8, 2013, the City sent ICW a demand letter. Huseby Dec., Ex. 3. In its letter, the City stated that it was "unwilling to wait any longer for ICW's response," and demanded that ICW take action within twenty days. *Id.* at 2. The City further stated that it intended to sue ICW if ICW failed to fulfill its obligations under the bond. *Id.*

In response to the City's letter, ICW contacted Defendants again about resolving the City's claims. Supp. Huseby Dec. ¶ 5. Defendants told ICW that they would meet with the City to see whether the City would accept $207,000. *Id.* ICW told Defendants that it did not think the City would agree to a settlement in that amount. Dkt. 28, Supplemental Declaration of Harold Janaszak ("Supp. Janaszak Dec."), Ex. 1 at 8.

On January 14, 2014, ICW followed up with Defendants. Supp. Huseby Dec., Ex. 8. ICW explained that it was "under a time limit" and needed to resolve the City's claims. *Id.* ICW also noted that it had no indication that Defendants were attempting to settle the City's claims. *Id.* ICW reiterated that it did not think the City would accept an

1 offer of $207,000. *Id.* Defendants told ICW that they were arranging a meeting with the
2 City. Supp. Janaszak Dec., Ex. 1 at 12.

3 On January 30, 2014, ICW informed Defendants that ICW intended to resolve the
4 City's claims and seek indemnification from Defendants unless they resolved the matter
5 before the City's deadline. Supp. Huseby Dec., Ex. 9. On April 2, 2014, ICW demanded
6 that Defendants post collateral in the amount of $541,000. Huseby Dec., Ex. 5.
7 Defendants did not post the requested collateral. Dkt. 1 ¶ 12.

8 On April 24, 2014, ICW paid $435,000 to settle the City's claims. Dkt. 13,
9 Declaration of Susan Karlan ("Karlan Dec.") ¶ 2. ICW also incurred expenses of
10 $21,236 in settling the claims. *Id.* According to Susan Karlan ("Karlan"), a Vice
11 President at ICW, "[a]ll payments by ICW were made under the reasonable belief
12 that ICW was liable or because it was expedient under all circumstances to make such
13 payments." *Id.* ¶ 3.

14 ## III. DISCUSSION

15 ICW moves for summary judgment, arguing that Defendants breached the
16 Indemnity Agreement by failing to post the requested collateral and by failing to
17 indemnify ICW. Dkt. 12 at 5. ICW seeks summary judgment requiring Defendants to
18 indemnify ICW for claims paid and expenses incurred, as well as a judgment specifically
19 enforcing Defendants' obligations under the Indemnity Agreement. *Id.* at 2. In response,
20 Defendants argue that ICW breached its fiduciary duty of good faith and that ICW is not
21 entitled to damages or specific performance. Dkt. 17.

22

A.      **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The

nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     ICW's Motion for Summary Judgment**

    **1.     Breach**

ICW argues that Defendants breached the Indemnity Agreement because they failed to post collateral or indemnify ICW. Dkt. 12 at 5. Defendants argue that ICW breached its fiduciary duty of good faith under the performance bond, and therefore the Indemnity Agreement is not enforceable. Dkt. 17 at 10.

Under Washington law, "[i]ndemnity agreements are interpreted like any other contract[]." *Scott Galvanizing, Inc. v. N.W. EnviroServs., Inc.*, 120 Wn.2d 573, 580 (1993). The elements of a breach of contract claim in Washington are: (1) existence of a valid contract between the parties; (2) breach by the defendant; and (3) damages. *See Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493 (2005).

Defendants do not dispute that they had a valid contract with ICW or that they breached the Indemnity Agreement. Instead, Defendants argue that ICW owed them a fiduciary duty of good faith under the performance bond. Dkt. 17 at 8–10. According to Defendants, ICW breached this duty by excluding Defendants from its negotiations with the City and by ignoring the defenses that Defendants wished to raise. *Id.* at 10.

Defendants argue that ICW's breach of good faith precludes enforcement of the Indemnity Agreement. *Id.*

Washington state courts have not directly addressed whether sureties have a fiduciary duty of good faith in surety bonds. The Washington Supreme Court has determined that there is little difference between surety bonds and insurance contracts. *See Colo. Structures, Inc. v. Ins. Co. of the West*, 161 Wn.2d 577, 605 (2007). The Washington Supreme Court has further stated that "all surety bonds are regarded as 'in the nature' of insurance contracts, and controlled by the rules of interpretation of such contracts." *Id.* at 598 (citations omitted). Under Washington law, insurers have a fiduciary duty of good faith to their policyholders. *Am. Mfrs. Mut. Ins. Co. v. Osborn*, 104 Wn. App. 686, 696–97 (2001).

The Court need not resolve whether Washington law imposes a fiduciary duty of good faith in surety bonds, because Defendants have not counterclaimed for breach of the performance bond. In the absence of a counterclaim, Defendants' fiduciary duty arguments regarding the bond are irrelevant. The Indemnity Agreement is the contract at issue in this case. Defendants do not cite any authority or provision of the Indemnity Agreement that imposes a fiduciary duty of good faith on ICW under the Indemnity Agreement. Defendants therefore fail to raise an issue of material fact regarding the enforceability of the Indemnity Agreement.

Defendants breached the Indemnity Agreement as a matter of law. The City made claims on the performance bond, which ICW subsequently paid. Defendants, however,

failed to post collateral or indemnify ICW as required by the Indemnity Agreement. The Court grants ICW's motion on the issue of liability.

**2.     Damages**

ICW also argues that it is entitled to the damages it incurred as a result of settling the City's claims on the performance bond. Dkt. 12 at 5–6. In response, Defendants argue that ICW is not entitled to damages on several grounds. Dkt. 17 at 12–18.

"[A] surety is entitled to stand upon the letter of [its] contract." *Commercial Ins. Co. of Newark, N.J. v. Pacific-Peru Constr. Corp.*, 558 F.2d 948, 954–55 (9th Cir. 1977) (citations omitted). In Washington, "[t]he words used in a contract should be given their ordinary meaning." *MacLean Townhomes, L.L.C. v. Am. 1st Roofing & Builders Inc.*, 133 Wn. App. 828, 831 (2006). "Courts may not adopt a contract interpretation that renders a term absurd or meaningless." *Id.*

Defendants agreed to indemnify ICW for all losses resulting from posting the performance bond. Huseby Dec., Ex. 1 at 1. The Indemnity Agreement specifically provides that

> any such payment or compromise made by [ICW] in the reasonable belief that it was liable for the amount paid or that it was expedient under all the circumstances to make such payment or compromise, shall be binding upon [Defendants] . . . whether or not such liability actually existed.

*Id.* The Agreement states that "[a]n itemized statement of the payment . . . sworn to by an [ICW] officer" is prima facie evidence of the amount of Defendants' liability. *Id.*

Additionally, the Indemnity Agreement includes a provision regarding ICW's obligation to defend against claims made on the performance bond. *Id.* That provision provides as follows:

> If [Defendants] desire a claim against [ICW] to be resisted, [Defendants] shall (a) make a written request to [ICW] to defend against the claim including a statement of the basis for the defense, (b) simultaneously deposit with [ICW] cash or collateral acceptable to [ICW] in kind and amount, sufficient to cover the claim and any costs, interest, attorney fees, sanctions or other costs that may be awarded in any judgment or otherwise, and (c) either simultaneously deposit cash or collateral satisfactory to [ICW] in an amount sufficient to cover the expenses and attorney fees of defending against the claim or provide and pay the fees and expenses of counsel acceptable to [ICW] to conduct the defense.

*Id.*

Viewed in the light most favorable to Defendants, the evidence establishes that ICW reasonably believed it was expedient under the circumstances to pay the City's claims on the bond. Defendants were given ample time to settle the City's claims, but failed to do so. *See* Supp. Huseby Dec. ¶ 3. The City demanded that ICW take action. Huseby Dec., Ex. 3. To that end, the City told ICW that it intended to sue unless ICW fulfilled its obligations under the bond within twenty days. *Id.* at 2. In response to the City's demand, ICW informed Defendants that it was under a time limit and needed to resolve the City's claims. Supp. Huseby Dec., Ex. 8. ICW also noted that it had no indication of whether Defendants were attempting to settle the City's claims. *Id.* Defendants told ICW that they were arranging a meeting with the City. Supp. Janaszak Dec., Ex. 1 at 12. After not receiving any updates, ICW informed Defendants that ICW intended to settle the City's claims unless Defendants resolved the matter before the

1  City's deadline.  Supp. Huseby Dec., Ex. 9.  Defendants, however, did not resolve the

2  matter.  Supp. Huseby Dec. ¶ 7.  ICW subsequently paid a total of $456,236 to settle the

3  City's claims.  Karlan Dec. ¶ 4.  According to Karlan, "[a]ll payments by ICW were

4  made under the reasonable belief that . . . it was expedient under all circumstances to

5  make such payments." *Id.* ¶ 3.

6       There is an absence of evidence in the record to contest these facts.  Given the

7  City's demand and Defendants' failure to resolve the matter, ICW reasonably believed it

8  was expedient under the circumstances to settle the City's claims.  Thus, under the plain

9  language of the Indemnity Agreement, ICW's payments are "binding upon

10 [Defendants]."  Huseby Dec., Ex. 1 at 1.

11       Defendants raise several arguments that they are not liable for ICW's payments.

12 First, Defendants argue that ICW refused to consider available defenses.  Dkt. 17 at 12.

13 Additionally, Defendants argue that ICW was not actually liable for the amount paid.  *Id.*

14 at 13–16.  Finally, Defendants argue that ICW did not provide an itemized statement of

15 its payments.  *Id.* at 17.

16       Defendants fail to raise a material issue of fact as to whether ICW reasonably

17 believed it was expedient under the circumstances to pay the City's claims.  Defendants

18 argue that ICW refused to consider defenses, but ICW was not required to defend against

19 the City's claims in this case.  Under the Indemnity Agreement, Defendants had to satisfy

20 three requirements if they wanted ICW to defend against the City's claims on the

21 performance bond.  Huseby Dec., Ex. 1 at 1.  Specifically, Defendants had to (1) make a

22 written request on ICW to defend against the City's claims; (2) deposit enough cash or

collateral with ICW to cover the claims and any costs; and (3) deposit cash or collateral to cover the expense of defending against the claims or pay the expense of defending against the claim. *Id.* There is no evidence in the record that Defendants invoked this provision or complied with its requirements. Thus, ICW was not required to consider Defendants' defenses.

Defendants nevertheless argue that ICW waived the provision and its requirements. Dkt. 27 at 6. Under Washington law, "[a] waiver is the intentional and voluntary relinquishment of a known right." *Jones v. Best*, 134 Wn.2d 232, 241 (1998) (en banc). "[A waiver] may result from an express agreement or be inferred from the circumstances indicating an intent to waive." *Bowman v. Webster*, 44 Wn.2d 667, 669 (1954). "To constitute implied waiver, there must exist unequivocal acts or conduct evidencing an intent to waive; waiver will not be inferred from doubtful or ambiguous factors." *Jones*, 134 Wn.2d at 241. The party claiming waiver bears the burden of proving an intent to relinquish the right. *Id.* at 241–42.

Here, there is no evidence in the record that ICW waived the provision by express agreement. There is also no evidence establishing that ICW waived the provision through its conduct. After the City made claims on the performance bond, Defendants explained their defenses to ICW and told ICW that they would attempt to settle the City's claims for $207,000. Supp. Huseby Dec. ¶¶ 3, 9. ICW, however, told Defendants that it did not think the City would agree to a settlement in that amount. Supp. Huseby Dec., Ex. 8; Supp. Janaszak Dec., Ex. 1 at 8. ICW also notified Defendants on several occasions that they intended to settle the City's claims if Defendants failed to do so.

1  Supp. Huseby Dec., Exs. 8, 9. Although ICW waited to settle the City's claims, ICW's

2  delay in doing so does not unequivocally evidence an intent to waive the provision. At

3  most, ICW was accommodating Defendants' request to pursue settlement discussions

4  with the City. *See* Supp. Janaszak Dec., Ex. 1 at 12. Under these circumstances, a

5  reasonable fact finder would not find that ICW intended to waive the provision through

6  its acts or conduct. Thus, ICW was not required to defend against the City's claims.

7  Additionally, ICW's actual liability is immaterial in this case. Under the

8  Indemnity Agreement, any payment made by ICW in the reasonable belief that it was

9  expedient under the circumstances to do so is binding on Defendants "whether or not

10 such liability actually existed." Huseby Dec., Ex. 1 at 1. As discussed above, the

11 evidence in the record establishes that ICW reasonably believed it was expedient under

12 the circumstances to settle the City's claims. Thus, ICW's payments are binding on

13 Defendants, regardless of whether there was actual liability in this case. *See id.*

14 Finally, Karlan—an ICW officer—provided a sworn itemization of ICW's

15 payments. In her declaration, Karlan states that ICW paid $435,000 to settle the City's

16 claims. Karlan Dec. ¶ 2. Karlan also states that ICW incurred expenses of $21,236,

17 which consisted of consulting fees of $13,213.47, investigation fees of $3,353.54,

18 attorney fees of $4,155.85, and expenses of $513.50. *Id.* Under the Indemnity

19 Agreement, Karlan's declaration is prima facie evidence of the amount of Defendants'

20 liability. Huseby Dec., Ex. 1 at 1.

21 In sum, Defendants fail to raise a material issue of fact as to whether ICW

22 reasonably believed that it was expedient under the circumstances to settle the City's

claims on the performance bond. Under the terms of the Indemnity Agreement, ICW's payments of $456,236 are binding on Defendants. The Court therefore grants ICW's motion on the issue of damages.

**3.     Specific Performance**

Finally, ICW argues that it is entitled to specific performance of the Indemnity Agreement. Dkt. 12 at 6–7. Defendants argue that ICW is not entitled to specific performance because ICW already has an adequate remedy at law. Dkt. 17 at 11.

Specific performance of an indemnity agreement is appropriate when there is not an adequate remedy at law. *Milwaukie Constr. Co. v. Glens Falls Ins. Co.*, 367 F.2d 964, 965–66 (9th Cir. 1966). A surety's legal remedy of money damages is inadequate if the surety anticipates paying claims on a bond, but has not yet made payments. *Id.* at 966. In such a situation, the surety's liability is uncertain and thus a breach of contract claim may not be maintained. *Id.* In contrast, a surety's legal remedy of money damages is adequate if the surety has already paid claims and may bring a breach of contract claim. *See Commercial Ins. Co. of Newark, N.J. v. Pacific-Peru Constr. Corp.*, 558 F.2d 948, 954–55 (9th Cir. 1977).

ICW has an adequate remedy at law in this case. ICW paid $450,000 to settle the City's claims and incurred $21,236 in expenses. Karlan Dec. ¶ 2. ICW's liability is therefore certain. Indeed, ICW may sue—as it has here—for money damages for breach of the Indemnity Agreement. Moreover, ICW has made no showing that it anticipates any future claims on the bond. Under these circumstances, specific performance is

1 unavailable. The Court therefore denies ICW's motion on the issue of specific
2 performance.

### IV. ORDER

Therefore, it is hereby **ORDERED** that ICW's motion for summary judgment (Dkt. 12) is **GRANTED in part** with respect to liability and damages, and **DENIED in part** with respect to specific performance.

Dated this 2nd day of December, 2014.

BENJAMIN H. SETTLE
United States District Judge