UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST,<br><br>                Plaintiff,<br><br>     v.<br><br>AFFORD-A-HOME, INC, et al.,<br><br>                Defendants. | CASE NO. C14-5350 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES |

     This matter comes before the Court on Plaintiff Insurance Company of the West's ("ICW") motion for attorney fees (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

     On April 29, 2014, ICW filed an indemnification action against Defendants Afford-A-Home, Inc., Harold Janaszak, and Donna Janaszak ("Defendants"). Dkt. 1. On July 1, 2014, ICW moved for summary judgment. Dkt. 12. On December 2, 2014, the

Court granted ICW's motion in part and denied it in part. Dkt. 33. On January 21, 2015, the Court entered judgment. Dkt. 35.

On January 27, 2015, ICW moved for attorney fees. Dkt. 36. On February 9, 2015, Defendants responded. Dkt. 40. On February 13, 2015, ICW replied. Dkt. 41.

## II. DISCUSSION

ICW requests $14,631.33 in attorney fees under Federal Rule of Civil Procedure 54(d)(2). Dkt. 36 at 1. In response, Defendants argue that ICW has not identified any contract provision or statute that authorizes attorney fees. Dkt. 40 at 2. Alternatively, Defendants argue that ICW's requested amount of fees should be reduced by at least half. *Id.* at 3–4.

Rule 54(d)(2) governs the procedure for recovering attorney fees in federal court. *MRO Comm'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). In order to recover attorney fees under Rule 54(d)(2), the moving party must identify "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2).

Here, ICW argues that it is entitled to attorney fees under the Indemnity Agreement, which was the subject of this action. Dkt. 36 at 1. ICW relies on the following provision in the Agreement:

> **1. Indemnity.** The [Principal and Defendants] shall indemnify and keep indemnified [ICW] against any and all liability for losses and expenses of whatsoever kind or nature, including attorney fees and costs, by reason of having executed or procured the execution of Bonds, or by reason of the failure of the Principal or [Defendants] to perform or comply with the covenants and conditions of this Agreement.

Dkt. 14, Declaration of Leonard Huseby ("Huseby Dec."), Ex. 1 at 1. The Indemnity Agreement also includes another provision related to attorney fees:

> **21. Attorney Fees.**  If [ICW] commences any action or proceeding, including arbitration, against the [Principal and Defendants], or any of them, by reason of any breach or claimed breach of any provision of this Agreement, the prevailing party in such action or proceeding shall be entitled to recover from the other party or parties its reasonable attorney fees and witness fees, and all other costs, whether or not the action or proceeding results in a judgment, and shall be entitled to recover its costs and attorney fees incurred in enforcing any judgment obtained.

*Id.* at 5.

Federal courts apply state law to interpret an attorney's fee provision in a contract. *See Franklin Fin. v. Resolution Trust Corp.*, 53 F.3d 268, 273 (9th Cir. 1995). In Washington, courts look to the terms of the contract to determine if attorney fees are warranted. *Kaintz v. PLG, Inc.*, 147 Wn. App. 782, 790 (2008). "Where the terms of a contract are plain and unambiguous, the intention of the parties shall be ascertained from the language employed." *Schauerman v. Haag*, 68 Wn.2d 868, 873 (1966).

Under the plain language of the Indemnity Agreement, the Court finds that ICW is entitled to attorney fees. ICW filed suit against Defendants, alleging that they breached the Indemnity Agreement by failing to indemnify ICW for payments made on a performance bond. Dkt. 1 ¶ 12. In its previous order, the Court determined that Defendants breached the Indemnity Agreement and that ICW was entitled to the payments it made as a result of posting the bond. Dkt. 33. Accordingly, ICW may recover attorney fees pursuant to the Indemnity Agreement.

1     Having decided that ICW is entitled to attorney fees, the Court next must

2 determine whether ICW's requested amount of fees is reasonable.  Washington courts use

3 the lodestar method to determine whether a fee request is reasonable.  *Crest Inc. v.*

4 *Costco Wholesale Corp.*, 128 Wn. App. 760, 773 (2005).  "A lodestar award is arrived at

5 by multiplying a reasonable hourly rate by the number of hours reasonably expended on

6 the matter."  *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149–50 (1993).

7     Upon review of the briefs and the record, the Court finds that ICW's requested

8 fees are reasonable.  Both the hourly rates charged and the hours spent on litigation are

9 within reason.  The total amount of fees is also reasonable given the outcome in this case.

10 Accordingly, the Court awards ICW fees in the amount of $14,631.33.[1]

## III. ORDER

12     Therefore, it is hereby **ORDERED** that ICW's motion for attorney fees (Dkt. 36)

13 is **GRANTED**.

14     Dated this 18th day of February, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[1] In a footnote in its reply, ICW requested an additional $800 for reviewing Defendants' response and preparing its reply.  Dkt. 41 at 4 n.1.  ICW, however, did not provide any documentation to support this fee request.  The Court therefore declines to award ICW an additional $800 in attorney fees.